**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| |  |
|---|---|
| UNITES STATES OF AMERICA<br><br>    PLAINTIFF,<br><br>           v.<br><br>2007 JEEP WRANGLER, VEHICLE ID NO. IJ4GA39127LI07563, WITH AN ESTIMATED VALUE OF $26,458.00,<br><br>    DEFENDANT. | CIVIL NO. 15-1019 (PG) |

**OPINION AND ORDER**

Before the Court is Scotiabank of Puerto Rico's (hereinafter "Scotiabank") motion to set aside entry of default and default judgment pursuant to Federal Rules of Civil Procedure 55 and 60(b), respectively. See Docket No. 21. For the reasons set forth below, the Court DENIES Scotiabank's motion.

**I.   BACKGROUND**

On January 12, 2105, the United States (or the "plaintiff") commenced this civil forfeiture action against the defendant property, a 2007 Jeep Wrangler (the "defendant vehicle"). See Docket No. 1. A warrant of arrest *in rem* for the defendant vehicle was issued thereafter. See Docket Nos. 6 and 7. Beginning on April 8, 2015, the United States posted notice of civil forfeiture on an official government website for thirty (30) consecutive days, as required by Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (hereinafter, the "Supplemental Rules"). See Docket No. 9. The plaintiff also executed service of process to all potential claimants, including Scotiabank.[1] Because no timely claims and answers to the verified complaint were filed, the Court granted plaintiff's motion for default entry, as well as the motion for default judgment. See Docket No. 15. On August 19, 2015, default and judgment by default were entered accordingly. See Docket Nos. 16 and 17. The plaintiff served notice of the default judgment to Scotiabank on August 26, 2015. See Docket No. 18.

---

[1] Scotiabank was served with notice of the verified complaint, order and warrant of arrest *in rem* on April 10, 2015. Docket No. 12.

Scotiabank now urges the Court to vacate final default judgment, claiming to be a lienholder and innocent owner of the 2007 Jeep Wrangler pursuant to 18 U.S.C. § 983(d). See Docket No. 21.

## II.   **STANDARD**

Rule 55(c) applies different standards for setting aside an entry of default under Rule 55(a) and a default judgment under Rule 55(b). An entry of default may be set aside for "good cause." See Fed.R.Civ.P. 55(c). This standard is "a liberal one," Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989), and permits the court to consider panoply of relevant equitable factors, including: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense exists; and (4) the timing of the motion. See McKinnon v. Kwong Wah Rest., 83 F.3d 498, 503 (1st Cir. 1996)(citing Coon, 867 F.2d at 76); see also Conetta v. National Hair Care Centers, Inc., 236 F.3d 67, 75 (1st Cir. 2001).

Conversely, a court may set aside a final judgment by default pursuant to Rule 60(b). See Fed.R.Civ.P. 55(c). Rule 60(b) provides, in pertinent part, that a motion for relief of a judgment, order, or proceeding may be grounded on mistake, inadvertence, surprise, or excusable neglect. See Fed.R.Civ.P. 60(b)(1). "Deciding what constitutes excusable neglect...requires an equitable determination, taking into account the entire facts and circumstances surrounding the party's omission." Id. (citing Dávila-Álvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 64 (1st Cir. 2001)) (internal quotation marks omitted). The court considers factors such as the danger of prejudice to the non-movant, the length of the delay, and the reason for the delay. Id. (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

The party seeking relief under Rule 60(b) bears a heavy burden to demonstrate "that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009)(citations omitted). Ultimately, action upon a request for

relief from default and default judgment lies within the sound discretion of the court. See McKinnon, 83 F.3d at 502; Maine National Bank v. F/V Explorer, 833 F.3d 375, 378 (1st Cir. 1987).

### III. DISCUSSION

Because Scotiabank failed to make an appearance before the Court prior to the entry of final judgment by default, the Court will examine the motion to set aside under the less generous rubric of Rule 60(b). See U.S. v. $23,000 in U.S. Currency, 356 F.3d 157, 165 (1st Cir. 2004)(affirming the district court's use of the excusable neglect standard where party seeking relief submitted only an unverified answer to the complaint prior to entry of default, and a sworn claim of interest only after the court entered judgment by default); Federal Deposit Ins. Corp. v. Francisco Inv. Corp., 873 F.2d 474, 478 (1st Cir. 1989)(noting that the more rigorous standards of Rule 60(b) were tailored for setting aside *final* judgments).[2]

**Reason for the delay**

The Court begins by considering the most important factor in the excusable neglect analysis: the reason for the delay. See Nansamba v. North Shore Medical Center, Inc., 727 F.3d 33, 39 (1st Cir. 2013)(noting that "within the constellation of relevant factors, the most important is the reason for the particular oversight.") (citation omitted). To explain its failure to respond or otherwise plead, Scotiabank alleges it was unaware of this proceeding. Scotiabank goes a step further, and attributes its lack of knowledge to improper service of process. Specifically, Scotiabank contends that the summons and copy of the verified complaint were delivered at Scotiabank's offices at 280 Ave. Jesús T. Piñero, instead of 290 Ave. Jesús T. Piñero, where Scotiabank's legal division is located. See Docket No. 21 at page 4. Scotiabank also argues that process was served on its Chief of Legal Division, Mr. Ricardo Colón, instead of Scotiabank's named resident agent, Mr. Roberto Bustillo Formoso. The Court finds Scotiabank's proffered reasons unsatisfactory.

First, as the plaintiff correctly points out, service of process in

---

[2] By the explicit terms of Rule 55(c), relief from final judgment may be obtained in accordance with Rule 60(b), particularly in light of Scotiabank's procedural missteps. In any event, the explanation for failing to appear would not overcome the "good cause" threshold as Scotiabank would have the Court believe.

a civil forfeiture action is governed by Supplemental Rule G(4)(b), which only requires that the government send notice of the action and a copy of the complaint "by means reasonably calculated to reach the potential claimant." See SUPP. R. FOR CERTAIN ADM. MAR. CLAIMS R. G(4)(b).[3] The process receipt filed with the Court shows that a U.S. Marshal personally delivered copy of the verified complaint, order, and warrant of arrest *in rem* on April 10, 2015, to the address specified in said document, and before the expiration of the deadline for filing a claim.[4] See Docket No. 12. This not only complies with the instructions provided to the process server, but also with the language of Supplemental Rule G(4)(b).

Scotiabank further alleges that no one at the legal division recalls being served with the complaint, not even Mr. Ricardo Colón, whose name appears in the process receipt. Docket No. 12. Such bare assertions, however, have not been properly supported with evidence indicating that Scotiabank did not have actual notice of the action. See U.S. v. 29 Robinson Blvd., Medway, Me., No. 10-cv-11236-MLW, 2012 WL 3947628, at *2 (D. Mass. Sept. 7. 2012) (holding that "whether the potential claimant actually received notice is not decisive. Rather, the court must determine whether the notice the government attempted to provide to [the potential claimant]...was reasonably calculated to reach him."). Moreover, notice of the action was also published on www.forfeiture.gov for 30 consecutive days, for at least 18 hours daily, between April and May of 2015. Accordingly, the Court finds that proper notice was provided in this case.

There is yet another flaw in Scotiabank's explanation. Notice of the final default judgment –which Scotiabank readily accepts receiving- was personally delivered to the same, albeit allegedly incorrect address: 280 Ave. Jesús T. Piñero. And notice was received by a representative of the legal division. See Docket No. 18. These circumstances fall short of extraordinary. Thus, the Court finds that Scotiabank's action (or

---

[3] The Supreme Court has explained that to comport with due process considerations, notice in a civil forfeiture action must be reasonably calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present its objections." See Jones v. Flowers, 547 U.S. 220, 226, 126 S.Ct. 1708 (2006) (citation omitted).

[4] A person who asserts an interest over the defendant property must file a claim within a deadline of at least thirty-five (35) days after notice is sent. See SUPP. R. FOR CERTAIN ADM. MAR. CLAIMS R. G(4)(b)(ii)(B). Thereafter, a claimant must submit an answer to the complaint within twenty-one (21) days. SUPP. R. FOR CERTAIN ADM. MAR. CLAIMS R. G(5)(b).

inaction) amounts to extreme negligence "com[ing] perilously close to willfulness." See General Contracting & Trading Co., LLC v. Interpole, Inc., 899 F.3d 109, 112 (1st Cir. 1990)(finding no abuse of discretion by the district court in denying motion to set aside default pursuant to Rule 55(c) where party seeking relief was properly served and "did nothing, the vice-president having simply 'misplaced' the suit papers.").

Based on the foregoing, the Court finds that the reason-for-the-delay factor weighs heavily against Scotiabank.

### Danger of prejudice

Turning to the danger of prejudice factor, the Court notes that the defendant vehicle was forfeited and disposed of on October 5, 2015, before Scotiabank's motion was filed. See Docket No. 22. Setting aside the default judgment against a property that was sold in accordance to law would force the government to spend additional time and resources litigating a matter with a potential claimant that has altogether failed to comply with proper procedure. Indeed, Scotiabank's only attempt to cure these shortcomings is a request for an extension of time to file a claim, found at the prayer for relief of its motion to set aside default judgment. See Docket No. 21 at page 6. Accordingly, the danger of prejudice cautions against vacating the final judgment.

### Length of the delay

Lastly, Scotiabank contends that it filed the instant motion "a few days" after becoming aware of the default judgment. Id. at page 5. However, as previously stated, notice of the default judgment was served on August 26, 2015. Yet, Scotiabank waited forty three (43) days –until October 8, 2015– to request relief from final judgment by default. The movant's characterization of a 43-day delay is perplexing, particularly in light of the fact that it had actual notice since at least April 10, 2015. Moreover, that the defendant vehicle had been forfeited at the time Scotiabank filed its motion makes the delay a significant one.[5] Simply put, Scotiabank's little efforts came in a little too late. Accordingly, this factor also weighs against Scotiabank.

The Court is mindful of the desirability of deciding disputes on

---

[5] See Wayne Rosa Constr. v. Hugo Key & Son, 153 F.R.D. 481 (D. Me. 1994)(finding that defendant had failed to show good cause under Fed.R.Ci.P. 55(c) as to why it let three weeks pass after receiving notice of default judgment before filing the Rule 60(b) motion). Scotiabank does not establish good cause for purposes of its request for extension of time to file the verified statement, either. Id. at page 6.

their merits, but the facts surrounding this action tip the scale in favor of the "countervailing goals of timeliness and finality of judgments." $23,000 in U.S. Currency, 356 F.3d at 169. Negligence and inadvertence may, at times, be excusable. However, that no one at Scotiabank's legal division remembers receiving service of the complaint, and that such documents "were probably misplaced," without more, are the kind of garden-variety inattentions that that demonstrate extreme neglect. See Brand Scaffold Builders, Inc. v. Puerto Rico Elec. Power Authority, 364 F.Supp.2d 50, 54 (D.P.R. 2005) (holding that the authority's assertion that one of its divisions handled enormous amount of documents on a daily basis, and that accidents happen despite efforts employed to properly handle the documents received, did not establish good cause under Rule 55(c) or Rule 60(b)(1)). Having addressed the relevant factors to the excusable neglect analysis, the Court finds that Scotiabank has failed to make a showing of exceptional circumstances warranting extraordinary relief pursuant to Rule 60(b). See Fisher, 589 F.3d at 512. Thus, the motion to set aside is DENIED.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, December 23, 2015.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**